# UNITED STATES DISTRICT COURT
Western District of North Carolina

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| | ) | (For Offenses Committed On or After November 1, 1987) |
| V. | ) | |
| | ) | |
| Deshawn Johnson | ) | Case Number: 3:19-cr-00046-RJC-DSC-1 |
| | ) | USM Number: 34847-058 |
| | ) | |
| | ) | Taylor Goodnight |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

■   Pleaded guilty to count(s) 2.
☐   Pleaded nolo contendere to count(s) which was accepted by the court.
☐   Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:1951 & 18:2 | Interference with Commerce by Threat or Violence and Aiding and Abetting the Same | 12/31/2017 | 1 |

    The Defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

☐   The defendant has been found not guilty on count(s).
■   Count(s) 1 & 3 (is)(are) dismissed on the motion of the United States.

    **IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  10/22/2020

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge

Date: November 10, 2020

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>ONE HUNDRED SIXTY-EIGHT (168) MONTHS</u>.

- ■ The Court makes the following recommendations to the Bureau of Prisons:
    1. Placed in a facility as close to Charlotte, NC as possible, consistent with the needs of BOP.
    2. Participation in any available educational and vocational opportunities.
    3. Participation in any available mental health treatment programs as may be recommended by a Mental Health Professional.
    4. Participation in any available substance abuse treatment program and, if eligible, receive benefits of 18:3621(e)(2).

- ■ The Defendant is remanded to the custody of the United States Marshal.

- ☐ The Defendant shall surrender to the United States Marshal for this District:

    - ☐ As notified by the United States Marshal.
    - ☐ At _ on _.

- ☐ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    - ☐ As notified by the United States Marshal.
    - ☐ Before 2 p.m. on _.
    - ☐ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS</u>.

☐ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## CONDITIONS OF SUPERVISION

The defendant shall comply with the mandatory conditions that have been adopted by this court.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court (unless omitted by the Court).
4. ☐ The defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.
4. The defendant shall answer truthfully the questions asked by the probation officer.
5. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives).
6. The defendant shall allow the probation officer to visit him/her at any time at his/her home or elsewhere, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.
7. The defendant shall work full time (at least 30 hours per week) at lawful employment, unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment.
8. The defendant shall not communicate or interact with any persons engaged in criminal activity, and shall not communicate or interact with any person convicted of a felony unless granted permission to do so by the probation officer.
9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without the permission of the Court.
12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk. The probation officer may contact the person and make such notifications or confirm that the defendant has notified the person about the risk.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.
14. The defendant shall participate in a program of testing for substance abuse if directed to do so by the probation officer. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. If warranted, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).
15. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
16. The defendant shall submit his/her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn any other occupants that such premises may be subject to searches pursuant to this condition.
17. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.
18. The defendant shall provide access to any financial information as requested by the probation officer and shall authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.
19. The defendant shall not seek any extension of credit (including, but not limited to, credit card account, bank loan, personal loan) unless authorized to do so in advance by the probation officer.
20. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.
21. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.
22. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

ADDITIONAL CONDITIONS:

23. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until. Upon such a determination an *Amended Judgment in a Criminal Case (AO 245C)* will be entered. Failing such a determination by, restitution amount becomes $0.00 without further Order of the Court.

## INTEREST

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

■ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   ■ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

☐ The defendant shall pay court appointed counsel fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $0.00 due immediately, balance due
 ☐ Not later than_____
 ☐ In accordance ☐ (C), ☐ (D) below; or

B ■ Payment to begin immediately (may be combined with ☐ (D) below); or

C ☐ Payment in equal **monthly** installments of **$50.00** to commence **60 days** after the date of this judgment; or

D ☐ In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, payments shall be made in
 equal **monthly** installments of **$50.00** to commence **60 days** after release from imprisonment to a term of supervision. The U.S. Probation Officer shall pursue collection of the amount due, and may request to modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court costs:
☐ The defendant shall forfeit the defendant's interest in the following property to the United States

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. **All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202**, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

**The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____ months, commencing on _____.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____ Date: _____  
              Defendant

(Signed) _____ Date: _____  
              U.S. Probation Office/Designated Witness

☐ The Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.